IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLISON LINDRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DIVERSIFIED ADJUSTMENT SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ALLISON LINDRUM, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, DIVERSIFIED ADJUSTMENT SERVICE, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq and the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Jurisdiction arises under the TCPA pursuant to pursuant to 28 U.S.C. §1331.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

5. ALLISON LINDRUM, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Arlington Heights, County of Cook, State of Illinois.

1

6. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Sprint.

7. The debt that Plaintiff allegedly owed Sprint was for a cellular telephone bill which was for the personal use of Plaintiff and/or used for household expenditure.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. DIVERSIFIED ADJUSTMENT SERVICE, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Minnesota  Defendant's principal place of business is located in the State of Minnesota  Defendant is incorporated in the State of Minnesota

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. The debt that Defendant was attempting to collect  from Plaintiff was, upon information and belief, a debt incurred for personal use and/or for household expenditure.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

### COUNT I: VIOLATION OF THE FDCPA

16. In April of 2014, Plaintiff made an agreement with Defendant for payment of the alleged Debt.

17. Said agreement was that Plaintiff would pay $65 per month for three months by way of an automatic check-by-phone.

18. Each of the payments made by Plaintiff were a post dated instrument.

19. According to the terms of the aforesaid agreement, the first payment was to be taken out of Plaintiff's account on April 30, 2014.

20. This first payment on April 30, 2014 was more than five days after the date that the parties made the aforesaid agreement.

21. The first payment was removed from Plaintiff's personal checking account according to the terms of the aforesaid agreement on or about April 30, 2014.

22. Within approximately one week after the date of the first payment, a representative of the Defendant called Plaintiff in an attempt to collect the debt.

23. In the aforementioned phone call, Defendant's representative ignored that Plaintiff already had an agreement in place to pay the Debt, and demanded that Plaintiff payoff the debt in full.

24. By agreement, the aforementioned payment by Plaintiff to Defendant was postdated to April 30, 2014, May 30, 2014, and June 30, 2014.

25. Defendant accepted the postdated payment from Plaintiff.

26. Defendant presented the first postdated payment for deposit on April 30, 2014.

27. Defendant presented the second postdated payment for deposit on May 30, 2014.

28. Defendant did not provide Plaintiff with written notification of its intent to deposit the aforementioned postdated payment.

29. In its attempts to collect the debt allegedly owed by Plaintiff to Sprint, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c. Accepted a payment postdated by more than five days and failed to notify Plaintiff in writing of its intent to deposit said payment not more than ten nor less than three business days prior to such deposit in violation of 15 U.S.C. §1692f(2).

    d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ALLISON LINDRUM, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II: VIOLATION OF THE TCPA

31. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

32. Defendant made and/or placed telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed.

33. Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed.

34. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, ALLISON LINDRUM, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C); and,

    d. Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

35. Plaintiff hereby demands a trial by jury on all issues so triable.

                                                  Respectfully submitted,
                                                  **ALLISON LINDRUM**


                                    By:    s/ Larry P. Smith
                                                     Attorney for Plaintiff


Dated: October 13, 2014

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 324-3532
Facsimile:   (888) 418-1277
E-Mail:      lsmith@smithmarco.com